1
2
3
4
5                    **UNITED STATES DISTRICT COURT**
6                          **DISTRICT OF NEVADA**
7                                  * * *
8
9   SECURITIES AND EXCHANGE
    COMMISSION,
10                                              2:08-cv-00437-LRH-RJJ
         Plaintiff
11
    v.                                          **ORDER**
12
    CMKM DIAMONDS, INC. et al,                  Defendant's Motion for Stay of this Civil
13                                              Proceeding and Memorandum in Support
         Defendants.                            (#172)
14
15
       This matter comes before the Court on Defendant's Motion for Stay of this Civil
16
Proceeding and Memorandum in Support (#172).  The Court also considered Plaintiff's
17
Opposition (#173), Defendant's Reply (#178), and Defendant's Supplement to the Reply (#179).
18
                                  **BACKGROUND**
19
       The Securities and Exchange Commission (SEC) filed claims against Defendants for
20
various alleged securities violations related to the sale of stocks or shares of CMKM Diamonds,
21
Inc. (CMKM). The SEC filed a Notice of Related Case (#131) on September 29, 2009, advising
22
the Court and all interested parties that a related criminal case had been filed involving the same
23
or similar parties and revolving around the same factual occurrences.
24
       Pending before the District Judge is the SEC's Motion for Summary Judgment against
25
Defendants 1st Global Stock Transfer, LLC, Helen Bagley, Sergey Rumyantsev, and Brian
26
Dvorak (#161). In lieu of a response, Dvorak filed a motion to stay this civil proceeding and his
27
response to the SEC's Motion for Summary Judgment (#161) pending the outcome of the related
28

criminal case. For the reasons below, Dvorak's motion must be denied.

**DISCUSSION**

There is no Constitutional requirement to stay a civil case while a parallel criminal case is pending. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). However, the Court may do so when the interests of justice seem to require such action. *Id*. The determination whether to stay a civil case pending a parallel criminal proceeding is made by considering the circumstances and competing interests involved in each case, including the extent to which the defendant's Fifth Amendment rights are implicated. *Keating*, 45 F.3d at 324; (*quoting Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) (quotation marks omitted).

In order to consider the circumstances and competing interests, the Court should generally consider five factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

**I. Fifth Amendment**

Dvorak argues that these factors, along with Fifth Amendment considerations, justify a stay of the civil case. Dvorak asserts that his Fifth Amendment rights are at issue because his deposition was taken after the government had filed a sealed indictment in the parallel criminal case. The SEC relies on certain statements he made during that deposition in its Motion for Summary Judgment (#161). Dvorak asserts that, had he known that he was indicted, or going to be indicted, that he would have exercised his Fifth Amendment rights during his deposition. He also asserts that potential witnesses in his civil case will exercise their own Fifth Amendment rights and refuse to give testimony in his civil case, whereas if the civil case was stayed until the

1  conclusion of the criminal case, they would be able to testify.  Dvorak claims that the SEC is
2  attempting to "sandbag" him into giving incriminating testimony during the civil case that can
3  then be used against him in the criminal proceeding.

4  The SEC argues that the burden placed on Dvorak's Fifth Amendment rights, if any, are
5  negligible.  The SEC asserts that there is no burden on Dvorak's Fifth Amendment rights because
6  he has already testified at a deposition and because nothing prevented him from responding to
7  deposition questions with information that did not tend to incriminate him.  *See Molinaro*,
8  889 F.2d at 903 (holding that any burden on Fifth Amendment privilege was negligible where
9  defendant's partial deposition provided the basis of support for plaintiff's summary judgment
10 motion and nothing prevented defendant from responding to plaintiff's motion with information
11 that did not tend to incriminate him).  Furthermore, adverse inferences can be drawn from
12 invoking Fifth Amendment rights in a civil proceeding.  *Keating*, 45 F.3d at 326; (*citing Baxter
13 v. Palmigiano*, 425 U.S. 308, 318 (1976)).

14 Here, the incursion upon Dvorak's Fifth Amendment rights are negligible.  In this case,
15 the situation is similar to that in *Molinaro* in that Dvorak has already sat for a deposition upon
16 which SEC relies in its motion for summary judgment, and nothing prevented him from giving
17 information that did not tend to incriminate himself.  *Molinaro*, 889 F.2d at 903.  "A defendant
18 has no absolute right not to be forced to choose between testifying in a civil matter and asserting
19 his Fifth Amendment Privilege."  *Keating*, 45 F.3d at 326.  The fact that Dvorak's indictment
20 was not unsealed until sometime after his deposition was taken has no bearing on this civil case.
21 There is nothing that indicates the SEC or any government entity used the civil deposition as a
22 pretext to gather evidence to be used in the criminal case.  Even if the SEC had surreptitious
23 motives while taking Dvorak's deposition, that fact would have no relevance in this civil case.
24 Therefore, the implication of Dvorak's Fifth Amendment rights do not require a stay of the civil
25 case.

26
27
28                                          3

## II. Prejudice to SEC

Dvorak argues that the SEC will not be prejudiced by a stay of the civil case because the case is three years old with no trial date, it has already obtained judgments against all but three defendants, and because a stay in the criminal case will not affect the SEC's ability to obtain a remedy against Dvorak should there be one. The SEC argues that it filed its Summary Judgment Motion (#161) in order to foster an expeditious resolution of the litigation and that a stay would hurt its interest in obtaining a judgment in the case and collecting those potential judgments for the benefit of the victims of Dvorak's alleged scheme.

Here, the prejudice against the SEC would be having to wait for a decision on its summary judgment motion as to Dvorak while the Court may move forward as to the other three Defendants named in that particular motion. This would create a bothersome loose end that could take another year to tie up, as trial in the criminal case is set for October 2011 and is expected to last three to four months. Defendant's Motion (#172) at 4. This factor weighs in favor of denying a stay.

## III. Burden on Dvorak

Dvorak argues that he will be burdened if a stay is not granted because defending both cases will force him to exercise his Fifth Amendment rights in the civil case thereby depriving him of the opportunity to defend himself, and because he will be deprived of the opportunity to examine the 200 boxes of discovery documents waiting to be scanned in the criminal case that may benefit him in answering the SEC's Motion for Summary Judgment (#161). He also argues that the civil case imposes a large financial burden upon him. The SEC argues that Dvorak will not be prejudiced because there is ample time to defend both cases.

In this case, the burden on Dvorak does not require the Court to grant a stay on the civil case. As discussed above, the possible incursion upon Dvorak's Fifth Amendment rights is negligible. Furthermore, there is enough time for Dvorak to defend both cases. In *Keating*, the Court refused to grant a stay where the defendant had eleven months to prepare for the outcome-

determinative civil hearing and where there was six months between the end of the civil proceeding and the beginning of the criminal trial. *Keating*, 45 F.3d at 325. *Keating* was also a large case involving complex financial systems, fraud, and a large sum of money. *Keating*, 45 F.3d at 324-28.

Here, Dvorak has been involved in the civil case for nearly three years and has had the same amount of time to reply to the Motion for Summary Judgment (#161) as the other defendants who did files responses. Furthermore, the SEC's Motion for Summary Judgment (#161) was filed on December 23, 2010, around ten months before the criminal trial is scheduled to begin in October 2011. Dvorak has ample time to defend the civil and criminal matters.

Regarding the 200 boxes of discovery in the criminal case, Dvorak has stated: "We don't need additional discovery." Defendant's Reply (#178) at 4 l. 14. The SEC indicates that Dvorak has not sought any discovery and does not refer to FED. R. CIV. P. 56(d) at all. If Dvorak does not need additional discovery, then he will not be burdened if none is provided. The financial hardships of the civil litigation will exist whether Dvorak is granted a stay or not, and so that burden is not a determinative factor in whether Dvorak should be granted a stay. That would only delay the inevitable expense of defending the SEC's summary judgment motion.

**IV. Efficiency and Judicial Resources**

Dvorak argues that granting a stay will help the Court's overall efficiency and conserve judicial resources because once the criminal case is resolved, testimony offered by Dvorak and other potential witnesses in the civil case will not be limited by Fifth Amendment concerns. Dvorak asserts that a stay will prevent discovery issues, and that other, factual issues may be moot due to issue preclusion. He also argues that he is a relatively "small player" in the litigation and that even if a judgment is levied against him, that it will only amount to between 0.1 and 0.4% of the total judgment against CMKM.

The SEC argues that efficiency and judicial resources will not be benefitted by a stay because the Court will still have to consider a summary judgment motion as to Dvorak, even

...

1  though it may be different than the current motion.  The SEC also points out that because Dvorak
2  has not requested any additional discovery needed to respond to its motion, there are no
3  discovery issues.  Because the SEC has filed a Motion for Summary Judgment against Dvorak, it
4  does not believe that there are any material facts at issue that a criminal case might preclude.

5       Here, a stay will not necessarily increase the efficiency of the court.  Even though the two
6  cases are parallel and involve similar factual occurrences, they will not require the Court to
7  perform duplicative or unnecessary work.  *Golden Quality Ice Cream Co. v. Deerfield Specialty*,
8  87 F.R.D. 53, 57 (E.D. Pa. 1980).  Furthermore, the SEC has filed four motions for summary
9  judgment against other defendants in this case to date, three of which have already been granted.[1]
10 It would be more efficient for the Court to make a decision as to the remaining Motion for
11 Summary Judgment (#161) and then proceed from that point, rather that waiting almost a year to
12 proceed as to only one Defendant who, in his own words, is a "small player."  The civil case has
13 been pending before the Court for nearly three years and the Court has an interest in clearing its
14 docket.  *Molinaro*, 889 F.2d at 903; *Golden Quality Ice Cream*, 87 F.R.D. at 57.

15 **V. Interests of Persons Not Parties to this Litigation and the Interests of the Public**

16      Dvorak argues the general principle that criminal litigation should take precedent over
17 civil litigation because of the liberty interests involved in a criminal case.  He asserts that the
18 public interest lies mainly in a fair criminal trial, which cannot be had without a stay.  He also
19 argues that any judgment against Dvorak would be so small and that his financial troubles are so
20 great that a stay would not harm the interests of any alleged victims of the other defendants'
21 purported fraud.

22      The SEC argues that Dvorak's motion is really a motion to extend time to respond to its
23 summary judgment motion, and thereby delay the alleged victims' and public's interest in
24 resolution of this case.

25      Here, the SEC and the public have an interest in seeing that alleged securities frauds are

---

[1] Motions for Summary Judgment (##99, 102, 112) granted by Order (#122).

resolved speedily. If they are not, it could erode public confidence in the securities market and further damage our already abraded economy. Though there is not as much media coverage in this case as there was in *Keating*, the same rationale applies. *Keating*, 45 F.3d at 326 (holding that the public's interest in resolving a federally insured savings and loan case outweighed the defendant's interest in not conducting related civil and criminal cases simultaneously). Furthermore, if the public's interest in both the criminal and civil cases can move forward without justice requiring that the civil case be stayed, then there is no reason that both interests cannot be pursued simultaneously.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant's Motion for Stay of this Civil Proceeding and Memorandum in Support (#172) is **DENIED**.

DATED this   7th    day of April, 2011.


_____
ROBERT J. JOHNSTON
United States Magistrate Judge

7