UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 2:08-cv-0437-LRH-RJJ |
| Plaintiff, | |
| v. | ORDER |
| CMKM DIAMONDS, INC., et al., | |
| Defendants. | |

Before the court is plaintiff Securities and Exchange Commission's ("SEC") motion for summary judgment against remaining defendants Global Stock Transfer, LLC ("Global Stock"); Helen Bagley ("Bagley"); Sergey Rumyantsev ("Rumyantsev"); and Brian Dvorak ("Dvorak"). Doc. #161.[1]

**I.    Facts and Background**

This action involves the sale of unregistered securities. Defendant CMKM Diamonds, Inc. ("CMKM"), a Nevada corporation, concocted and carried out a complex scheme to illegally issue and sell billions of shares of its stock in several unregistered distributions between December 2002, and September 2004.

---

[1] Refers to the court's docket number.

On April 7, 2008, the SEC initiated the present civil action against defendants for violation of the Securities Act of 1933 ("the Securities Act"), 15 U.S.C. § 77(e). Doc. #1. Thereafter, the SEC filed the present motion for summary judgment against defendants Dvorak, Rumyantsev, Global Stock, and Bagley.[2] Doc. #161.

## II.   Legal Standard

### A. Summary Judgment

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

---

[2] Judgment has already been entered against all other defendants in this action either through stipulated consent decrees or default judgments.

(1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**B. Section 5 of the Securities Act**

Sections 5(a) and (c) of the Securities Act make it unlawful to offer or sell a security in interstate commerce if a registration statement[3] has not been filed as to that security, unless the transaction qualifies as exempt from registration. 15 U.S.C. §§ 77c(a) and (c); *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1085 (9th Cir. 2010). The definition of a security under the act includes a company's stock. 15 U.S.C. § 77b(a)(1).

To establish a violation of Section 5 of the Securities Act, the SEC must establish that: (1) there was not a registration statement in effect as to the underlying securities; (2) the defendants directly or indirectly sold or offered to sell the securities; and (3) the sale or offer was made through interstate commerce or the mails. *SEC v. Phan*, 500 F.3d 895, 902 (9th Cir. 2007) (citing *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 212 (3d. Cir. 2006). "Once the SEC introduces evidence that a defendant has violated the registration provisions, the defendant then has the burden of proof in showing entitlement to an exemption." *Platforms Wireless Int'l Corp.*, 617 F.3d at 1086.

Despite the term "sell," liability under Section 5 is not confined to the person who passes title of the security; a participant in the distribution of unregistered securities may also be liable under Section 5. *SEC v. Murphy*, 626 F.2d 633, 649 (9th Cir. 1980). For a defendant to be liable for

---

[3] A registration statement is a filing with the SEC which allows stocks to be freely traded. If a registration statement is not filed on a stock, a restrictive legend is placed upon the stock certificate stating, among other things, that the stock is not registered and that ownership cannot be sold or transferred absent registration or the existence of a valid exemption from registration.

"indirectly" offering to sell securities in violation of Section 5, their role in the transaction must be a significant one. *Phan*, 500 F.3d at 906. A significant role includes a defendant who was both a "necessary participant" and a "substantial factor" in the transaction. *Id*. (citing *Murhpy*, 626 F.2d at 648, 652); *SEC v. Rogers*, 790 F.2d 1450, 1456 (9th Cir. 1986).

A defendant is a necessary participant if "but for" his participation in the distribution of unregistered securities, there would not have not been any sale. *Murphy*, 626 F.2d at 650-51. Further, a defendant is a substantial factor in the distribution of unregistered securities if his overall conduct and participation is not "de minimis." *Rogers*, 790 F.2d at 1456 (citing *Murphy*, 626 F.2d at 650-52).

## III. Discussion

In its motion for summary judgment, the SEC argues that the remaining defendants were both necessary participants and a substantial factor in the unregistered distribution of CMKM stock, and therefore, are liable for violating Sections 5(a) and (c) of the Securities Act.[4] Doc. #161. The court shall address the SEC's arguments as to each remaining defendant below.

**A. Brian Dvorak**

Defendant Dovrak, an attorney retained by defendant CMKM, wrote approximately 440 opinion letters to stock transfer agents justifying the issuance of unrestricted CMKM stock by falsely claiming that the stocks were subject to a statutory exemption.

The court has reviewed the documents and pleadings on file in this matter and finds that Dvorak was both a necessary participant and a substantial factor in the sale of unrestricted CMKM stock in violation of Section 5 of the Securities Act. First, but for Dvorak's participation with CMKM, there would not have been a sale of unregistered securities. His letters enabled the removal

---

[4] It is undisputed that there was not a registration statement in effect as to CMKM's stock certificates and that a sale of CMKM stock was made through interstate commerce and the mails. Therefore, the only before the court is whether defendants "directly or indirectly sold or offered to sell" CMKM stock. *See Phan*, 500 F.3d at 902.

4

of the restrictive legends which allowed them to be sold by defendant broker NevWest Securities, Inc. ("NevWest"). Second, the writing of opinion letters justifying the removal of the restrictive legends is not a de minimis act: Dvorak's participation was a crucial and integral role in the overall scheme to sell unregistered securities. *See e.g., Geiger v. SEC*, 363 F.3d 481, 487 (D.C. Cir. 2004) (holding that an attorney who writes unfounded opinion letters about registration exemptions which allow for the sale of unregistered securities is both a necessary participant and a substantial factor in any unlawful sale). Therefore, the court finds that the SEC is entitled to summary judgment against defendant Dvorak.

### B. Global Stock and Helen Bagley

Defendant Global Stock is a Nevada corporation that operated as a transfer agent for CMKM's stock transactions. Defendant Bagley is the principal of Global Stock and was the individual who removed the restrictive legends from CMKM's stock certificates for at least 270 billion shares of CMKM stock.

The court has reviewed the documents and pleadings on file in this matter and finds that Global Stock and Bagley were both necessary participants and substantial factors in the sale of unrestricted CMKM stock in violation Section 5 of the Securities Act. First, but for their participation in removing the restrictive legends, there would not have been a sale of unregistered securities because the CMKM stock would still have the restrictive legend on each certificate. Second, defendants participation was not de minimis. Global Stock and Bagley issued billions of shares of CMKM stock without the restrictive legend and then transferred those unrestricted certificates to defendant NevWest for the purpose of sale to the general public.

In their opposition, Global Stock and Bagley argue that there is a disputed issue of material fact as to whether they had known or had a reason to know that an illegal distribution of the stock would occur, thereby precluding summary judgment. However, Section 5 of the Securities Act is a strict liability statute. *See e.g., SEC v. Ramoil Mgmt., Ltd.*, 2007 U.S. Dist. LEXIS 79581, *27-30

(S.D. N.Y. 2007); *SEC v. Levine*, 2010 U.S. Dist. LEXIS 77937, *3 (D. Nev. 2010) ("The plain language of the statute has no scienter requirement.") (citing *SEC v. Alpha Telecom, Inc.*, 187 F. Supp. 2d 1250, 1258 (D. Or. 2002) ("There is no scienter requirement under Section 5.")). As such, the SEC is not required to establish scienter on the part of a defendant in connection with the sale of unregistered securities. *Phan*, 500 F.3d at 906.

Additionally, Global Stock and Bagley argue that they relied on the representations of counsel, namely defendant Dvorak, in removing the restrictive legends from the CMKM stock, and therefore, they cannot be liable for any violation of the Securities Act. To establish the defense for good faith reliance on the advice of counsel, a defendant must show that they: "(1) made a complete disclosure to counsel; (2) requested counsel's advice as to the legality of the contemplated action; (3) received advice that it was legal; and (4) relied in good faith on that advice." *SEC v. Savoy Industries, Inc.*, 665 F.2d 1310, 1314 n.28 (D.C. Cir. 1981). Further, the defendant has the burden of establishing each element of a reliance on counsel defense. *SEC v. Goldfield Mines Co. of Nevada*, 758 F.2d 459, 467 (9th Cir. 1985).

Here, the court finds that defendants Global Stock and Bagley have failed to meet their burden establishing a good faith reliance on the advice of counsel. Although defendants claim that they did not remove a single restrictive legend from CMKM stock without receiving a supporting opinion letter from counsel, the evidence before the court establishes that defendants believed that Dvorak's opinion letters were not supported by the law and requested CMKM to find another attorney to the write opinion letters supporting removal of the restrictive legends. Further, after requesting a different attorney, defendants continued to remove restrictive legends from CMKM stock based on Dvorak's unsupported opinion letters. Therefore, the court finds that the SEC is entitled to summary judgment against defendants Global Stock and Bagley.

///

///

### C. Sergey Rumyantsev

Defendant Rumyantsev was the CEO and head trader at defendant NevWest, the company that caused the billions of unregistered shares to be sold to the public. While CEO, Rumyantsev allowed NevWest to acquire and distribute the newly issued unregistered CMKM stock certificates. Further, Rumyantsev allowed an individual associated with CMKM to open more than thirty (30) different brokerage accounts with NewWest in more than thirty (30) different names, while using the same social security number for most accounts, for the sole purpose of trading the unrestricted shares of CMKM stock.

The court has reviewed the documents and pleadings on file in this matter and finds that Dvorak was both a necessary participant and a substantial factor in the sale of unrestricted CMKM stock in violation of Section 5 of the Securities Act. First, but for Rumyantsev's involvement in allowing the thirty (30) brokerage accounts to be opened by a single individual under different names, the unrestricted shares of CMKM stock would not have be offered and sold to the public. Second, the uncontroverted evidence shows that Rumyantsev's actions, or failure to act, far from being unwitting or de minimis, intimately involved him in the sale of unregistered CMKM stock in violation of Section 5 of the Securities Act. As CEO of NevWest, and the individual responsible for company compliance with SEC regulations, he allowed a single individual to open thirty brokerage accounts in different names solely for the purpose of selling the unrestricted shares of CMKM stock.

In opposition, Rumyantsev argues that he was not an active participant in the sale of the unregistered CMKM stock and did not personally open any brokerage accounts or make any active trades of CMKM stock, and thus, he was not indirectly involved in the sale of the unregistered securities. However, it is not determinative of Rumyantsev's liability whether he personally accepted delivery of the securities, or personally offered them for sale. Rather, the issue is whether he was both a necessary participant and a substantial factor in the overall scheme. *Phan*, 500 F.3d

at 906. Based on the record before the court, the court finds that Rumyantsev was both a necessary participant and a substantial factor in the sale of unregistered securities in violation of Section 5 of the Securities Act. Therefore, the court finds that the SEC is entitled to summary judgment as to defendant Rumyantsev.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Doc. #161) is GRANTED. The clerk of court shall enter judgment accordingly.

IT IS FURTHER ORDERED that plaintiff Securities and Exchange Commission shall have ten (10) days from entry of this order to file an appropriate permanent injunction and order of disgorgement against defendants and submit the same for signature.

IT IS SO ORDERED.

DATED this 25th day of July, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE