

✓ FILED
___ ENTERED
___ RECEIVED
___ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 0 1 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>           Plaintiff,<br><br>     vs.<br><br>CMKM DIAMONDS, INC., URBAN CASAVANT, JOHN EDWARDS, GINGER GUTIERREZ, JAMES KINNEY, ANTHONY TOMASSO, KATHLEEN TOMASSO, 1ST GLOBAL STOCK TRANSFER LLC, HELEN BAGLEY, NEVWEST SECURITIES CORPORATION, DARYL ANDERSON, SERGEY RUMYANTSEV, ANTHONY SANTOS, and BRIAN DVORAK,<br><br>     Defendants. | Case No. 2:08-cv-00437-LRH-RJJ |

### FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS 1st GLOBAL STOCK TRANSFER, LLC, HELEN BAGLEY, SERGEY RUMYANTSEV AND BRIAN DVORAK

By Order issued July 25, 2011 (Docket No. 181), the Court granted the Motion by Plaintiff Securities and Exchange Commission for Summary Judgment Against Defendants 1st Global Stock Transfer, LLC, Helen Bagley, Sergey Rumyantsev and Brian Dvorak. Accordingly:

## I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants 1st Global Stock Transfer, LLC, Helen Bagley, Sergey Rumyantsev and Brian Dvorak and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a)  Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

1    effective date of the registration statement) any public proceeding or

2    examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

3                                    **II.**

4            IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

5    Defendants 1st Global Stock Transfer, LLC, Helen Bagley, Sergey Rumyantsev

6    and Brian Dvorak are liable for disgorgement representing profits gained as a

7    result of their violations, together with prejudgment interest thereon.  The

8    defendants are liable for the following amounts:

9            a.  Dvorak shall pay disgorgement of $318,843 and prejudgment

10               interest thereon of $90,795.31, for a total of $409,638.11 in

11               disgorgement and prejudgment interest;

12           b.  Bagley and 1st Global shall, jointly and severally, pay

13               disgorgement of $302,500 and prejudgment interest thereon of

14               $145,547.87, for a total of $448,047.87 in disgorgement and

15               prejudgment interest; and

16

17           c.  Rumyantsev shall pay disgorgement of $34,552.28 and

18               prejudgment interest thereon of $13,702.35, for a total of

19               $48,254.63 in disgorgement and prejudgment interest.

20   Defendants shall satisfy their obligations by paying the above amounts within 14

21   days after entry of this Final Judgment to the Clerk of this Court, together with a

22   cover letter identifying the Defendant as a defendant in this action; setting forth the

23   title and civil action number of this action and the name of this Court; and

24   specifying that payment is made pursuant to this Final Judgment.  Defendants shall

25   simultaneously transmit photocopies of such payments and letters to the

26   Commission's counsel in this action.  By making these payments, Defendants

1  relinquish all legal and equitable right, title, and interest in such funds, and no part

2  of the funds shall be returned to the Defendants.  The Clerk shall deposit the funds

3  into an interest bearing account with the Court Registry Investment System

4  ("CRIS") or any other type of interest bearing account that is utilized by the Court.

5  These funds, together with any interest and income earned thereon (collectively,

6  the "Fund"), shall be held in the interest bearing account until further order of the

7  Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director

8  of the Administrative Office of the United States Courts, the Clerk is directed,

9  without further order of this Court, to deduct from the income earned on the money

10  in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee

11  shall not exceed that authorized by the Judicial Conference of the United States.

12  The Commission may propose a plan to distribute the Fund subject to the Court's

13  approval.  Defendants shall pay post-judgment interest on any delinquent amounts

14  pursuant to 28 U.S.C. § 1961.

15  **III.**

16  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

17  Defendants Helen Bagley, Sergey Rumyantsev and Brian Dvorak are permanently

18  barred from participating in an offering of penny stock, including engaging in

19  activities with a broker, dealer, or issuer for purposes of issuing, trading, or

20  inducing or attempting to induce the purchase or sale of any penny stock.  A penny

21  stock is any equity security that has a price of less than five dollars, except as

22  provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

23  **IV.**

24  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this

25  Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

26  of this Final Judgment.

4

**V.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: this ___ day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5